IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2026

## STATE OF TENNESSEE v. MICHAEL J.W. POTTER

**Appeal from the Criminal Court for Sullivan County**
**No. S56598   James F. Goodwin, Jr., Judge**

_____

**No. E2025-00468-CCA-R3-CD**

_____

Defendant, Michael J.W. Potter, appeals the summary dismissal of his ex parte communication that the trial court treated as a petition for post-conviction relief and a Rule 36.1 motion to correct an illegal sentence. Following a review of the entire record, the briefs and arguments of the parties, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and MATTHEW J. WILSON, J., joined.

Michael J.W. Potter, Pro Se, Salters, South Carolina.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Barry P. Staubus, District Attorney General; and William Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

A Sullivan County Grand Jury charged Defendant by presentment with conspiracy to sell more than 0.5 grams of cocaine, conspiracy to deliver more than ten pounds of marijuana, four counts of sale of more than 0.5 ounces of marijuana, four counts of delivery of more than 0.5 ounces of marijuana, one count of sale of more than 0.5 grams

of cocaine, delivery of more than 0.5 grams of cocaine, and maintaining a dwelling where controlled substances are used or sold.

On December 14, 2009, Defendant pled guilty to both conspiracy counts, which were merged; one count each of sale and delivery of marijuana, which were merged; and sale and delivery of cocaine, which were merged, in exchange for an effective fourteen-year sentence to be served in confinement as a Range II multiple offender. His sentence was to be served concurrently with his sentences in a Carter County case and consecutively to sentences in three other Sullivan County cases. It does not appear that Defendant filed a petition for post-conviction relief or any other challenge to the judgments.

Nearly fifteen years later on October 8, 2024, Defendant sent a letter to the trial court titled "Motion to Reconsider Ineffective Assistance of Counsel Based Upon New/Additional Evidence: Case #S56598" ("ex parte communication") asserting the following:

> I submitted insufficient evidence to prove my [trial counsel] engaged in a sexual relationship with my wife during the time he was appointed to represent me. However, since that time I have gathered additional evidence [email correspondence via Federal Bureau of Prisons email service]. Therefore, I ask you, your honor, to consider the conflict of interest [trial counsel]'s relationship with my wife created during the time he was appointed to represent me.

Defendant also attached a purported email exchange between him and his ex-wife that occurred between February and April of 2024. The filed letter did not cite any authority or otherwise conform to any collateral proceeding under statute or the Rules of Criminal Procedure.

On March 5, 2025, the trial court entered an "Order Regarding Ex Parte Communication." The court found that "if this communication is a motion to reconsider, a motion to reopen, or any other motion directed at the trial court, then it is untimely." The trial court further concluded:

> Secondly, if the ex parte communication is an attempt at filing a post-conviction petition, then the communication fails to comply with T.C.A. § 40-30-101 et seq. A preliminary review of the ex parte communication reveals that 1) said petition is not verified by the petitioner upon oath; 2) that the petition is incomplete and insufficient; and 3) that the petition is outside the statute of limitations for a post-conviction matter. Pursuant to §

40-30-102 a petition for post-conviction relief must be filed within one year of the action of the highest appellate court, or if no appeal is taken, then within one year of the judgment becoming final. Therefore in this case, the Defendant would have had to file the petition for post-conviction relief no later than on or about 14 January 2011. The ex parte communication is dated 7 July 2021 [sic], well beyond the deadline.

Additionally, if the ex parte communication is an attempt at filing a motion to correct an illegal sentence pursuant to rule 36.1, then the defendant fails to demonstrate that he has stated a colorable claim.

The trial court noted that Defendant's ineffective assistance of counsel claim based on the allegation that trial counsel was having a sexual relationship with Defendant's wife, "at best" amounted "to an appealable error" and failed to state a colorable claim for relief under Rule 36.1.

Defendant filed a timely notice of appeal, and the State filed a motion to dismiss the appeal arguing that Defendant did not have an appeal of right from the trial court's order. This court denied the State's motion finding that "Rule 3(b) does not provide an appeal as of right from an 'order regarding ex parte communication." Order, *State v. Potter*, No. E2025-00468-CCA-R3-CD (Tenn. Crim. App. Feb. 24, 2026). This court further found that "Defendant's correspondence does not otherwise conform to any collateral proceeding provided by either the rules of criminal procedure or statute." *Id.* However, this court concluded:

In its motion to dismiss, the State correctly asserts that rule 3(b) does not provide an appeal as of right from an "order regarding ex parte communication." However, the trial court treated the Defendant's ex parte communication as a request for post-conviction relief and other collateral claims. The trial court concluded that the communication was untimely or otherwise procedurally insufficient and, ultimately, summarily denied relief. Except for a motion to reconsider, *see State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007), the Defendant does have an appeal as of right from any of the alternatives – post-conviction relief or correction of an illegal sentence – analyzed by the trial court.

*Id.*

**Analysis**

On appeal, Defendant contends that the trial court erred by denying his ex parte communication as a petition for post-conviction relief based upon ineffective assistance of counsel because his trial counsel was having a "personal relationship" with Defendant's then wife while representing Defendant. In his reply brief, Defendant "agrees that Rule 36.1 does not apply" to his claim. The State asserts that the trial court properly dismissed the post-conviction petition and properly denied relief under Rule 36.1.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" *Id.* § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. *Id.* § 40-30-106(b). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. § 40-30-102(b)(1)-(3).

In addition to the statutory exceptions, our supreme court has held that due process principles may require tolling the statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). Our supreme court "has identified three

circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Id.* at 623. To succeed upon such a claim, a petitioner must show "(1) that he or she ha[d] been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)). The first prong "does not require a [petitioner] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts . . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* (quotations omitted) (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)). "[T]he second prong is met when the [petitioner's] attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner's] interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id.* In *Whitehead*, the court cautioned that due process tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 631-32 (quotations omitted) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In this case, Defendant's ex parte communication filed on October 8, 2024, was well outside of the statute of limitations period. He pled guilty on December 14, 2009, and his conviction became final thirty days later on January 13, 2010. Therefore, he had until January 13, 2011, to file a post-conviction petition.

We agree with the State that Defendant has not presented sufficient facts to justify a tolling of the one-year statute of limitations. First, the statutory exceptions do not apply to Defendant's claim. It is not based on a newly established constitutional right and does not concern an improperly enhanced sentence. *See* T.C.A. § 40-30-102(b)(1), (3). Additionally, while Defendant asserts that his claim involved "New/Additional Evidence" in the form of emails exchanged between him and his ex-wife from February to April 2024, those emails are not scientific in nature and do not show his actual innocence. *Id.* § 40-30-102(b)(2).

As for due process tolling, Defendant has not demonstrated that his claim arose after the statute of limitations expired or that mental incompetence prevented him from complying with the statute of limitations. Arguably, the purported email exchange between Defendant and his ex-wife involved attorney misconduct in the form of an alleged inappropriate sexual relationship between trial counsel, at the time he was

representing Defendant, and Defendant's ex-wife while Defendant was still married to her. However, Defendant has not argued or shown that he has been diligently pursuing his rights as to this claim or that some extraordinary circumstance stood in his way and prevented him from timely filing a post-conviction petition. *See Bush*, 428 S.W.3d at 22. This alleged email exchange between Defendant and his ex-wife occurred between February and April 2024, and the ex parte communication to the trial court as previously noted was not filed until October 8, 2024. Defendant has not alleged when he became aware of the alleged relationship between trial counsel and Defendant's ex-wife. Thus, due process tolling is not warranted in this case.

We further agree with the State that in addition to the untimeliness of the post-conviction petition, the petition is procedurally deficient. As noted above, the ex parte communication treated as a post-conviction petition was filed nearly fifteen years late, was not verified under oath, and is incomplete. *See* T.C.A. § 40-30-104 (c)-(e). Therefore, the trial court did not err in summarily dismissing the ex parte communication as a post-conviction petition, and Defendant is not entitled to relief.

As for any claims under Tennessee Rule of Criminal Procedure 36.1, the State argues and Defendant concedes that the rule does not apply to his ex parte communication. Rule 36.1 permits a petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.*

Even assuming Defendant's claim that trial counsel was having an improper sexual relationship with Defendant's then wife while representing Defendant was accurate, Defendant is not entitled to relief. The record reflects that Defendant received a statutorily authorized sentence for his convictions, and nothing indicates that his sentence

contravenes any sentencing statute. Accordingly, we conclude that the trial court's dismissal of Defendant's ex parte communication as a Rule 36.1 motion was proper. Defendant is not entitled to relief.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is affirmed.


s/_**Jill Bartee Ayers**_
JILL BARTEE AYERS, JUDGE